UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER ADRIAN ENRIQUEZ, JR.

Plaintiff,

v.

S. POSSON, et al.,

Defendants.

No. C 15-0192 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

# INTRODUCTION

Javier Adrian Enriquez, Jr., a California state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

# DISCUSSION

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

The complaint fails to state a claim upon which relief may be granted. In the portion of the form complaint where a plaintiff is instructed to provide a statement of his claim, Enriquez directs the Court to review his inmate appeals. Attached to his complaint are copies of Enriquez's inmate appeals pertaining to medical services he requested to address colon problems. Enriquez's attachment of these documents indicates that he may want to complain about his medical care at SVSP, but the text of the complaint does not provide enough details for the Court to determine whether any of his constitutional rights may have been violated and whether any defendants may be liable. The Court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is a plaintiff's duty to provide a statement that is a complete statement of his claims against each of the defendants. Below, the Court provides the basic law relevant to claims about medical care for Enriquez's consideration in preparing his amended complaint.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures to protect the health and safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth

2

1  Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively,
2  sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the
3  inmate's safety.  See id. at 834.  Neither negligence nor gross negligence is actionable under
4  § 1983 in the prison context.  See id. at 835-36 & n.4.  The defendant must not only "be
5  aware of facts from which the inference could be drawn that a substantial risk of serious
6  harm exists," but he "must also draw the inference."  Id.  If the defendant should have been
7  aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter
8  how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

9       If Enriquez wishes to assert a claim for relief based on his medical care, he must
10 allege facts that would show that he had a serious medical need and that defendants
11 responded with deliberate indifference to it.  A serious medical need may exist if the "failure
12 to treat a prisoner's condition could result in further significant injury or the unnecessary and
13 wanton infliction of pain."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012)
14 (citation and internal quotation marks omitted).  For the subjective, or "deliberate
15 indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a
16 prisoner's pain or possible medical need and (b) harm caused by the indifference."  Id.
17 (citation and internal quotation marks omitted).

18      In his amended complaint, Enriquez must be careful to allege facts showing the basis
19 for liability for each defendant.  He should not refer to them as a group (e.g., "the
20 defendants"); rather, he should identify each involved defendant by name and link each of
21 them to his claim by explaining what each involved defendant did or failed to do that caused
22 a violation of his rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff is
23 cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the
24 theory that one is responsible for the actions or omissions of an employee.  Liability under
25 § 1983 arises only upon a showing of personal participation by the defendant.  Taylor v. List,
26 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under § 1983 upon a
27 showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient
28 causal connection between the supervisor's wrongful conduct and the constitutional

3

violation.  See Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-0192 MEJ (PR)) and the words AMENDED COMPLAINT on the first page.  **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaint by reference.  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send Plaintiff a blank civil rights form along with his copy of this order.

IT IS SO ORDERED.

DATED: April 21, 2015

Maria-Elena James
United States Magistrate Judge

4