United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER ADRIAN ENRIQUEZ, JR.                    No. C 15-0192 MEJ (PR)

    Plaintiff,                                      **ORDER OF SERVICE**

v.

S. POSSON, et al.,

    Defendant.
_____/

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison (SVSP) in Soledad, California filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that staff at SVSP have neglected to treat his hemorrhoid condition. The Court reviewed his original complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff names as defendants Dr. S. Posson, LVN Concepcion, and medical window receptionist Kendra.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

1  granted, or seek monetary relief from a defendant who is immune from such relief. 28
2  U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.
3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
5  a right secured by the Constitution or laws of the United States was violated and (2) that the
6  violation was committed by a person acting under the color of state law. West v. Atkins, 487
7  U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the
8  plaintiff can show that the defendant proximately caused the deprivation of a federally
9  protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives
10 another of a constitutional right within the meaning of § 1983 if he does an affirmative act,
11 participates in another's affirmative act or omits to perform an act which he is legally
12 required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The
13 inquiry into causation must be individualized and focus on the duties and responsibilities of
14 each individual defendant whose acts or omissions are alleged to have caused a constitutional
15 deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead
16 "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id.
17 at 634.

18 When liberally construed, the allegations in plaintiff's amended complaint state a
19 cognizable claim that defendants were deliberately indifferent to plaintiff's serious medical
20 needs, in violation of the Eighth Amendment.

## CONCLUSION

22 1.   The Clerk shall issue a summons and Magistrate Judge jurisdiction consent
23 form and the United States Marshal shall serve, without prepayment of fees, the summons,
24 Magistrate Judge jurisdiction consent form, copies of the amended complaint with
25 attachments and copies of this order on Dr. S. Posson, LVN Concepcion, and medical
26 window receptionist Kendra at Salinas Valley State Prison.

27 The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this
28 order to the California Attorney General's Office.

2.      In order to expedite the resolution of this case, the Court orders as follows:

  a.      No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

  b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

  c.      Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).[2]

    4.    All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    7.    Any motion for an extension of time must be filed no later than the deadline

---

[2] The Rand notice provided herein does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  Woods, 684 F.3d at 939.

4

sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

DATED: September 18, 2015

Maria-Elena James
United States Magistrate Judge

5