UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ADRIAN ENRIQUEZ,<br>         Plaintiff,<br>    v.<br>S. POSSON, et al.,<br>         Defendants. | Case No. 15-cv-00192-VC   (PR)<br><br>**ORDER VACATING, IN PART, PREVIOUS ORDER OF SERVICE AND ISSUING NEW ORDER OF SERVICE**<br><br>Re: Dkt. No. 15 |

Plaintiff Javier Adrian Enriquez, an inmate at Salinas Valley State Prison, filed this *pro se* civil rights action alleging that Salinas Valley employees Dr. S. Posson, Nurse Conception and medical window receptionist Ms. Kendra failed properly to treat his hemorrhoid condition. On September 19, 2015, the magistrate judge presiding over this case found that Enriquez stated a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs and directed service on the three named defendants. On January 6, 2016, this case was reassigned to the undersigned district court judge. A review of the docket shows that the defendants were never served. The Court adopts the finding that the allegations, liberally construed, state an Eighth Amendment claim against the named defendants but vacates the portion of the order directing service by the United States Marshal, dkt. no. 15, and issues this new Order of Service.

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (docket no. 11) and all attachments thereto and a copy of the original Order of Service (docket no. 15) and this Order to Dr. S. Posson, Nurse Concepcion and medical window receptionist Ms. Kendra at Salinas Valley State Prison. The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of both Orders to the State Attorney General's Office in

1  San Francisco, and a copy of this Order to Enriquez.

2  　　　　2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Enriquez, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

　　　　Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

　　　　3. The following briefing schedule shall govern dispositive motions in this action:

　　　　　　a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Enriquez.

　　　　At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Enriquez with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies,

2

1   Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d
2   1162 (9th Cir. 2014).  *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

3         b.  Enriquez's opposition to the motion for summary judgment or other dispositive
4   motion shall be filed with the Court and served on Defendants no later than twenty-eight days
5   after the date on which Defendants' motion is filed.

6   Before filing his opposition, Enriquez is advised to read the notice that will be provided to
7   him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure
8   and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come
9   forward with evidence showing triable issues of material fact on every essential element of his
10  claim).  Enriquez is cautioned that because he bears the burden of proving his allegations in this
11  case, he must be prepared to produce evidence in support of those allegations when he files his
12  opposition to Defendants' summary judgment motion.  Such evidence may include sworn
13  declarations, that is statements from himself and other witnesses signed under penalty of perjury,
14  copies of documents authenticated by sworn declaration, or copies of discovery documents such as
15  answers to interrogatories and depositions.  Enriquez will not be able to avoid summary judgment
16  simply by repeating the allegations of his complaint.

17  The same evidentiary requirement applies if the defendants file a motion for summary
18  judgment for failure to exhaust administrative remedies.  To oppose this motion, Enriquez must
19  present any evidence he may have which tends to show that he did exhaust administrative
20  remedies or was excused from doing so.  Again, the evidence may be in the form of declarations,
21  that is statements of fact from himself and other witnesses signed under penalty of perjury, copies
22  of documents accompanied by a declaration showing where they came from and why they are
23  authentic, or discovery documents such as answers to interrogatories or depositions.

24        c.  Defendants shall file a reply brief no later than fourteen days after the date
25  Enriquez's opposition is filed.

26        d.  The motion shall be deemed submitted as of the date the reply brief is due.  No
27  hearing will be held on the motion unless the Court so orders at a later date.

28  4.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

Procedure. No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5. All communications by Enriquez with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

6. It is Enriquez's responsibility to prosecute this case. Enriquez must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED**.

Dated: January 28, 2016

_____
VINCE CHHABRIA
United States District Judge

4